years of imprisonment for second degree murder and ten years for armed criminal action. The court ordered the sentences to be served consecutively, not concurrently.

Movant then filed a Rule 24.035 motion for post-conviction relief, which was denied by the motion court without a hearing. She now appeals, contending the court clearly erred in denying her claim of ineffective assistance of counsel. She claims her attorney failed to explain to her the meaning of the term "consecutive," and she believed she would serve her sentences concurrently.

Movant's contention is conclusively refuted by the record and Movant is not entitled to an evidentiary hearing on her claim. Rule 24.035(h); *Tolen v. State*, 934 S.W.2d 639, 641 (Mo.App. E.D.1996). When outlining its recommendation, the State specifically indicated it was requesting thirty years for second degree murder and ten years for armed criminal action, and the sentences were "to run consecutively to one another for a total of 40 years." Movant indicated she understood the recommendation and agreed with it. Therefore, we conclude the trial court's determination is not clearly erroneous. Rule 24.035(k). An extended discussion of this issue would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

Lance Eberhart, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before GRIMM, P.J., and PUDLOWSKI and GARY M. GAERTNER, JJ.

### *ORDER*

PER CURIAM.

Jamie Dale Jessop (Movant) appeals from the motion court's judgment which denied his Rule 24.035 motion for post-conviction relief without a hearing. Movant contends the motion court clearly erred in denying, without a hearing, his claim that he did not make a knowing and intelligent plea of guilty because he lacked the mental capacity to understand the proceedings. He also claims he suffered from ineffective assistance of counsel because his attorney did not move to halt the guilty plea so that Movant could be interviewed by a mental health professional.

We have reviewed the briefs of the parties and the record on appeal and conclude the trial court's determination is not clearly erroneous. Rule 24.035(k). An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16.(b).

Jamie Dale JESSOP, Appellant,

v.

STATE of Missouri, Respondent.

No. 73300.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1998.

STATE of Missouri, Plaintiff/Respondent,

v.

Travis TITTLE, Defendant/Appellant.

No. 72784.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1998.